I

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Larry Stokes,

     Petitioner,  Case No. 17-cv-10386

v.         Judith E. Levy
           United States District Judge

Catherine S. Bauman,[1]

          Mag. Judge R. Steven Whalen

     Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

Petitioner Larry Stokes, a Michigan prisoner, is serving a term of

imprisonment for convictions for unarmed robbery, assault with intent to

do great bodily harm less than murder, and larceny in a building. He

seeks habeas corpus relief under 28 U.S.C. § 2254 on the ground that he

was denied his right to due process because the victim, when she

---

[1] The proper respondent for a habeas petition filed pursuant to 28 U.S.C. § 2254 is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. The Court orders the case caption amended to substitute the warden of Petitioner's present place of incarceration, Catherine S. Bauman, as the respondent.

testified, had extensive facial bruising unrelated to the incident for which

Petitioner was on trial. Petitioner also argues that defense counsel was

ineffective for failing to cross-examine the victim about her injuries.

Because the Michigan Court of Appeals' decision denying these claims

was not contrary to or an unreasonable application of Supreme Court

precedent, the petition for habeas corpus is denied. The Court also denies

a certificate of appealability and leave to proceed *in forma pauperis* on

appeal.

## I. Background

In 2013, Petitioner was charged in Calhoun County Circuit Court

with larceny in a building, Mich. Comp. Laws § 750.360, unarmed

robbery, Mich. Comp. Laws § 750.530, and assault with intent to do great

bodily harm less than murder, Mich. Comp. Laws § 750.84. *People v.

Stokes*, No. 319136, 2015 WL 849039, *1 (Mich. Ct. App. Feb. 26, 2015).

The Michigan Court of Appeals summarized the evidence presented at

trial as follows:

> On May 3, 2013, the victim was home alone when defendant
> knocked on her door and asked for a glass of water. The victim
> was acquainted with defendant, whom she had first met about
> three years earlier. After recognizing defendant through the
> "peep hole" in the door, she let him in. They engaged in small

talk in the living room for a short time. The victim eventually asked defendant to leave, but instead of doing so, defendant requested a second glass of water. When the victim returned from the kitchen with the water, defendant asked her for sex. She told him no. The victim testified that when defendant stood up, he walked to her television, put his arm around it, and told her that he was taking it with him. When she verbally confronted him, defendant punched her. The force of the blow sent her flying into a chair, and defendant repeatedly struck her in the back of the head. Defendant eventually left the victim's house with her television, one of her cell phones, and her television remote.

The victim sustained a three centimeter long laceration of her left eyebrow that required two layers of stitches. She also had multiple contusions, including significant bruising around her left eye, bruising in the occipital area of her head, a bruise on her left hip, and abrasions on her arms.

*Id.*

A jury found Petitioner guilty of all charges and, on April 23, 2015, Petitioner was sentenced as a fourth habitual offender to 46 to 180 months for the larceny conviction, 172 to 600 months for the unarmed robbery conviction, and 114 to 402 months for the assault conviction. *Id.*

Petitioner filed an appeal of right in the Michigan Court of Appeals challenging the trial court's decision to allow the victim to testify despite extensive facial bruising from an unrelated incident and counsel's failure

to request an adjournment or to question the victim about her injuries. *Id.* at *1–*2. He also challenged the scoring of an offense variable. *Id.* at *3 The Michigan Court of Appeals affirmed Petitioner's convictions but held that the challenged offense variable had been incorrectly scored; the court remanded for resentencing. *Id.* On remand, the trial court resentenced Petitioner as follows: 46 to 60 months for larceny; 142 to 600 months for unarmed robbery; and 76 to 402 months for assault with intent to do great bodily harm less than murder. (ECF No. 8-9, PageID. 665.)

Following resentencing, Petitioner filed a second claim of appeal in the Michigan Court of Appeals. Before filing his brief, he stipulated to dismiss the appeal, and the Michigan Court of Appeals dismissed the appeal. *People v. Stokes*, No. 327561 (Mich. Ct. App. Aug. 20, 2015) (ECF No. 8-10, PageID.667). Petitioner then filed a motion to withdraw his stipulation of dismissal on the grounds that he was misled by his appellate attorney. (ECF No. 8-10, PageID.686.) The court of appeals construed Petitioner's motion as a motion for reconsideration and denied it, noting that Petitioner could raise his claims in a motion for relief from judgment. *People v. Stokes*, No. 327561 (Mich. Ct. App. Oct. 6, 2015) (ECF

No. 8-10, PageID.708). The Michigan Supreme Court denied leave to appeal. *People v. Stokes*, 499 Mich. 871 (Mich. March 8, 2016).

On January 31, 2017, Petitioner filed this habeas corpus petition. (ECF No. 1.) He raises the same two claims he raised in his direct appeal: (1) his right to due process was violated when the trial court allowed the victim to testify even though she had extensive facial bruising from an unrelated incident, and (2) his trial counsel was ineffective for failing to cross-examine the victim about her injuries.

## II. Legal Standard

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by state courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's

determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

Petitioner was charged with assaulting the victim in her home on May 3, 2013. The victim sustained multiple injuries including a three-centimeter laceration of her left eyebrow, significant bruising around her left eye and bruising in the occipital area of her head. *Stokes*, 2015 WL

849039, at *1. Petitioner's trial commenced about five months later. Approximately one week prior to trial, another person injured the victim in an unrelated incident, causing the victim to have obvious trauma to her face, including two black eyes. (ECF No. 8-4, PageID.261.) Defense counsel objected to the victim testifying in this condition on the grounds that the jury might infer the current injuries were somehow related to the charges against Petitioner and the jury would be unfairly influenced by sympathy for the victim. (*Id.* at PageID.262–63.) The trial court held that the jury had been adequately informed during *voir dire* that the victim's appearance at trial was unrelated to the charges against Petitioner and that the parties could further explore the issue on direct and cross-examination. (*Id.* at PageID.263–64.) The victim testified at trial that her current injuries were unrelated to the incident for which Petitioner was charged. (*Id.* at PageID.266–267.) Petitioner's counsel did not cross examine the victim on her appearance at trial. (*Id.* at PageID.288–328.) Petitioner argues that admission of this testimony violated his right to due process and that counsel's failure to cross-examine the victim on this point rendered her ineffective.

## A. Due Process

Habeas relief is seldom available for a state court's erroneous evidentiary ruling because habeas relief "does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). An evidentiary ruling may violate the Due Process Clause (and thereby provide a basis for habeas relief) where the ruling "is so extremely unfair that its admission violates 'fundamental conceptions of justice.'" *Dowling v. United States*, 493 U.S. 342, 352 (1990) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)); *see also Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (due process violation arises only when evidentiary ruling results in denial of "fundamental fairness"). The Supreme Court "defined the category of infractions that violate fundamental fairness very narrowly." *Estelle*, 502 U.S. at 73 (1991). To violate due process, an evidentiary decision must "offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (citing *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

The Michigan Court of Appeals found no due process violation as a result of the trial court's decision to allow the victim to testify in Petitioner's case. The court of appeals noted that the jury was specifically

told that Petitioner had nothing to do with the victim's injuries visible on the day of trial and the victim also testified that the assault which caused the recent injuries was unrelated to Petitioner. *Stokes*, 2015 WL 849039, at *1. Photographs of the victim's injuries following the charged assault were admitted into evidence as was testimony describing the injuries. *Id.*

Petitioner cites no Supreme Court decision holding that allowing a witness to testify under similar circumstances violates due process. The Court was unable to find any precedent suggesting that a witness' potentially prejudicial appearance can rise to the level of a due process violation, particularly when explanatory statements are offered to the jury during voir dire and clarifying testimony is provided on direct examination. The state court reasonably concluded that the jury was adequately cautioned about the nature of the victim's injuries. Petitioner has not shown that allowing the victim to testify rendered his trial fundamentally unfair. Habeas relief is denied.

## B. Ineffective Assistance of Counsel

Petitioner's argument that counsel was ineffective in failing to cross-examine the victim about the nature of her unrelated injuries is also unsuccessful. To establish that a petitioner received ineffective

assistance of counsel, they must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For an ineffective assistance of counsel claim under *Strickland*, the standard of review under AEDPA is "doubly" deferential. *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable[,] . . . [but] whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* Petitioner fails to overcome this doubly deferential standard.

The victim testified on direct examination that her facial injuries were unrelated to the incident for which Petitioner was charged. The Michigan Court of Appeals held that counsel could have reasonably concluded that because the victim's testimony was clear and concise nothing could be gained from cross-examining her on this point. *Stokes*, 2015 WL 849039 at *2. Petitioner has not identified any questions defense counsel should have asked on cross-examination, nor has he advanced any argument that the Michigan Court of Appeals unreasonably applied or reached a conclusion contrary to *Strickland*. The

explanatory statements offered to the jury during voir dire and clarifying direct examination testimony provide a reasonable argument that trial counsel satisfied *Strickland*'s deferential standard here. *Harrington*, 562 U.S. at 105. Petitioner's claim is denied.

## IV. Certificate of Appealability and IFP on Appeal

Federal Rule of Appellate Procedure 22(b)(1) provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Section 2253(c)(2) is satisfied only if reasonable jurists could find either that the district court's assessment is debatable or wrong or that the issues presented deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

For the reasons set forth above, reasonable jurists could not find this Court's assessment of Petitioner's claims to be debatable or wrong. Nor would reasonable jurists conclude that the issues presented are

adequate to deserve encouragement to proceed further. *See Millender v. Adams*, 187 F. Supp.2d 852, 880 (E.D. Mich. 2002). Consequently, Petitioner is not entitled to a certificate of appealability.

Further, an appeal from this decision would be frivolous and could not be taken in good faith. *See Coppedge v. U.S.*, 369 U.S. 438, 444 (1962). Therefore, Petitioner may not proceed *in forma pauperis* on appeal. Fed. R. App. P. 24(a)(3)(A).

### V. Conclusion

For the reasons stated above, the Court **DENIES** the petition for a writ of habeas corpus (ECF No. 1), **DENIES** a certificate of appealability, and **DENIES** permission to appeal in forma pauperis.

IT IS SO ORDERED.

Dated: February 18, 2020          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 18, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager